In The United States District Court

For The Middle District Of Alabama

Northern Division

RECEIVED

2006 MAR -6 P 1:29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| Monica Perryman, ) | Case No.: No. 130-2005-05331 |
| Plaintiff, ) | Discrimination and Retaliation |
| vs. ) | 2:06CV216-mef |
| First United Methodist Church ) | |
| and Darlene Maye, ) | **DEMAND FOR JURY TRIAL** |
| Defendants. ) | |

## COMPLAINT

This is an action brought to redress employment discrimination based on race pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. section 2000e et seq., as amended by 42 U.S.C. sections 1981 and the Civil Rights Act of 1991, and pursuant to 42 U.S.C. sections 1981.

## I. JURISDICTION

1. The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. section 1331 and 1343(4) and 28 U.S.C. section 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C sections 1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. section 2000e et seq., providing for injunctive and other relief against racial discrimination, promotion and pay.

2. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, and the "Civil Rights of 1991," 42 U.S.C section 2000e et seq. The plaintiff timely filed his EEOC charge of racial discrimination within 180 days of the last discriminatory act. Plaintiff filed this action within 90 days of receipt of her right-to- sue notices.

## II. PARTIES

3. Plaintiff Monica Perryman a black female is a citizen of The United States and is a resident of the State of Alabama. Plaintiff is a "person aggrieved" under Title VII of the 1964 Civil Rights Act.

4. Defendants, Darlene Maye and First United Methodist Church Early Childhood Development Center an entitles subject to suit under Title VII of the "Civil Rights of 1964," as amended, 42 U.S.C. section 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. section 1981. The defendants do business in Montgomery, State of Alabama, and employ at least eighteen (18) persons.

## III. CAUSES OF ACTION

5. Plaintiff re-alleges and incorporates by reference paragraphs 1-4 above with the same force and effect as if fully set out in specific detail herein below.

6. Plaintiff began her employment with the defendants, in Montgomery approximately August 2001. Plaintiff worked as a teacher in the Pre-K class

7. During the plaintiff's employment with this company she was never disciplined or written up and always received positive evaluations.

8. In September 2003 the plaintiff express her concerns on several objectives.

   a. The payroll checks being opened and read by the plaintiff supervisor.

   b. The safety of the children.

   c. Her right for maternity leave.

9. Plaintiff was told she was only making things worse for herself.

10. In February 2005 plaintiff was refused time off and threatening for continuing required professional development and advancement classes.

11. Plaintiff was not allowed to signed or receive a copy of the policy and procedure memo March 2005. Plaintiff believes that other employee's were not treated with workplace unfairness.

12. The Plaintiff again expressed her concerns of workplace unfairness to the administrator and to the Pastor of the church. The scrutinizing and retaliation begin towards the plaintiff.

    a. The physical education time changed. Plaintiff class could no longer interact with other classes.

    b. The plaintiff and her class were quarantined in a fire hazard room during rest period.

    c. The plaintiff could not attend to the laboratory needs of the children or herself during rest period.

13. Plaintiff believes her employer and supervisor violated well company policies, Minimum Standards for Daycare Center and Nighttime Centers Regulations and Procedures, The National Association for the Education of Young Children (NAEYC) Code of Ethical Conduct and The U.S. Department of Labor Employment Standards Administration Wage and Hour Division Fact Sheet number 46: Daycare Centers and Preschools Under the Fair Labor Standards Act (FLSA).

14. Plaintiff's supervisor made discriminatory comments on behalf of plaintiff and her family.

    a. Plaintiff's supervisor told plaintiff her daughter had nappy hair.

    b. Plaintiff's supervisor asked plaintiff when she was going to put a relaxer in her daughter hair.

    c. Plaintiff's supervisor made comments on how plaintiff's sister's skin was lighter then plaintiff's.

V. Plaintiff's supervisor often stated that she makes the church a lot of money and they were not going to let her go no matter how many times plaintiff speaks or write to the administer of concerns of the violations taken place.

15. The plaintiff's supervisor showed bias on the staff/child ratio. Plaintiff believes other teachers received additional staffing in their classroom.

16. The plaintiff supervisor showed statistics favoritism with several of the employees. Plaintiff believes there was employees were the schedules allow them to attend school and be employed by other employers.

17. The plaintiff was passed over for promotion of assistant director. The plaintiff believes supervisor interviewed two employee's who did not apply for the position and hired a person with less qualifications she requested plaintiff to have.

18. All of the actions taken against the Plaintiff were discriminatory and based upon her race, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. section 1981

19. As a result of the described in paragraphs 6-18, Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish.

20. As a result of the differential treatment in promotion and pay, plaintiff has suffered monetary damages.

21. As a result of her constructive discharge plaintiff has suffered lost wages.

22. Because the actions of the defendants were committed with malice and or with reckless indifference to plaintiffs federally protected rights, plaintiff is entitled to punitive damages.

## VI. Prayer for Relief

WEREFORE, the plaintiff respectfully prays that this court:

1. Issue a declaratory judgment that the defendants' acts, policies, practices and procedures complained of herein have violated the rights of the plaintiff as secured by Title VII of

the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq., as amended by the Civil Rights Act of 1991 of, and 42 U.S.C. section 1981.

2. Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' from continuing to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. section 1981

3. Grant the plaintiff an order requiring the defendants to make them whole, by granting appropriate declaratory and injunctive relief compensatory and punitive damages, back pay (plus interest) attorneys fees, expenses and costs.

4. The plaintiff further prays for such other relief and benefits as the case of justice may require.

Respectfully submitted,

*Monica Perryman*
Monica Perryman

**OF COUNSEL:**

Monica Perryman

4265 Burtonway Drive

Montgomery, Alabama 36116

**(334) 324-9085**

PLAINTIFF HEREBY DAMANDS TRIAL BY JURY

*Monica Perryman*

EEOC Form 161 (10/96)        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Monica Perryman
4265 Burtonway Drive
Montgomery, Alabama 36116

From: Birmingham District Office
2000 Ridge Park Place
1130 South 21st Street
Birmingham, AL 35205

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130 2005 05331 | J.W. Furman | (205) 212-2061 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state) _____

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____        13 DEC 2005
Bernice Williams-Kimbrough, District Director        (Date Mailed)

Enclosure(s)

cc: