IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA

MONICA PERRYMAN,                        *
                                        *
Plaintiff,                              *
                                        *
v.                                      *  Civil Action No. 2:06-CV-216-MHT
                                        *
FIRST UNITED METHODIST CHURCH           *
and DARLENE MAYE                        *
Defendants.                             *
                                        *

**PERRYMAN'S RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS**

COMES NOW, the Plaintiff, Monica Perryman, and pursuant to the order of this Honorable Court, files this brief in opposition of the defendants', Motion to Dismiss heretofore filed in this matter.

Facts:

Monica Perryman, a black female, has brought numerous claims against her former employer First United Methodist Church, and supervisor, Darlene Maye, for discrimination and other violations of federal law, while being employed as a day care teacher. Among other things, Perryman alleges that her employer actions were based on the fact that she was a black woman, while male employees or white employees similar situated as her were given preferential treatment, especially as it relates to scheduling of time and leave. She also alleges that her students were made to endure hardships or were left out of group activities because of her vocal stance on safety violations and other infractions ignored by her

former employer. She brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et</u>. <u>sec</u> and FLSA.

<u>Plaintiff's Complaint does State a Cause of Action upon Which Relief Could Be Granted:</u>

In a Rule 12(b)(6) motion to dismiss, dismissal is appropriate if the allegations in the complaint, even if taken as true, would not support a claim that would entitle the plaintiff to relief. In ruling on a 12(b)(6) motion, " a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss for failure to state a claim contemplates only a determination of whether plaintiff's complaint states a claim upon which relief can be granted and matters outside the pleadings should never be considered in deciding whether to grant a Rule 12(b)(6) motion to dismiss. If a court considers matters outside the pleading, the Rule 12(b)(6) motion is treated as a Rule 56 motion for summary judgment. The parties must be given notice that the Rule 12(b)(6) motion will be disposed of in that manner, and, that they will be given a reasonable opportunity to advocate on the motion on that basis. *Buck v. FDIC*, 75 F.3d 1285 n.3 (8th Cir. 1998).

Perryman's complaint on it face does state a claim for which relief can be granted against the above named defendants'. The complaint asks this Honorable Court to grant relief pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et</u>. <u>sec</u> ,FLSA, and against actors who purposeful discriminated against Perryman and resulted in injury and damages.  It is unnecessary at this stage of the process for plaintiff to have all the facts necessary to prove her case but enough facts to put the defendants on notice of the said claim.  It is clear that the plaintiff's complaint does the same.

Among other allegations alleged in the complaint the plaintiff states specifically that her employer used racially inflammatory remarks by referring to skin color, hair textures and denied her maternity leave when requested, while granting male employees opportunity for leave to spend with their families.  It is apparent that the defendants' motion to dismiss should be denied, as plaintiff has satisfied the minimal requirements imposed by the federal rules and although plaintiff has alleged other federal actions the defendant's have failed to respond to the same.  In particular her FLSA claim and her claims against Darlene Maye.

<u>Plaintiff's claims are not barred by the "Ministerial Exception"</u>:

In addressing the defendants' argument that Title VII of the Civil Rights Act of 1964, ministerial exception, and free exercise clause bares Perryman's claims and thereby entitles the same to dismissal is unfounded.  At this juncture of the case all that is necessary to prove is that Perryman was employed and to make out a prima facie case for discrimination. The nature of the daycare's

relationship with the church is unapparent at this time and it is Perryman contention that the daycare was business separate and apart from the church. Ms. Perryman general duties did not include teaching, spreading the faith, church goverance, supervision of a religious order, or supervision or participation in religious ritual and worship, in that she would be considered a member of the clergy. Further, the Plaintiff states clearly in her complaint that her job was confined to secular activities.

Conclusion:

The Plaintiff complaint states a claim upon which relief may be granted against the above named individuals. The court also recognizes that granting of a motion to dismiss at this stage is not favored by our jurisprudence. For all the above reasons, the summons and complaint as written states a cause of action under *Federal law*.

Respectfully submitted this the 28th day of April, 2006.

*Monica Perryman*
Monica Perryman
4265 Burtonway Drive
Montgomery, Alabama 36116

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure
delivery, addressed as follows:

Honorable Brett Garrett
184 Commerce Street
Montgomery, Alabama 36101

This 28th day of April, 2006

                                                  _____
                                                  Monica Perryman