UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MONICA PERRYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:06-cv-216-mef |
| V. ) | |
| ) | |
| FIRST UNITED METHODIST ) | |
| CHURCH and DARLENE MAYE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER TO AMENDED COMPLAINT

COME NOW the Defendants First United Methodist Church and Darlene Maye and for answer to Plaintiff's Complaint as amended, say as follows:

### I. FACTS

1. The Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint as amended and demand strict proof thereof.

2. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint as amended, therefore, it is denied.

3. The Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint as amended and demand strict proof thereof.

4. The Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint as amended and demand strict proof thereof.

5. The Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint as amended and demand strict proof thereof.

## II. COUNT ONE

6. The Defendants adopt by reference all defenses to the proceeding Paragraphs set forth herein in full.

7. The Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint as amended and demand strict proof thereof.

8. The Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint as amended and demand strict proof thereof.

## III. COUNT TWO

9. The Defendants adopt by reference all defenses to the proceeding Paragraphs set forth herein in full.

10. The Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint as amended and demand strict proof thereof.

11. The Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint as amended and demand strict proof thereof.

## IV. COUNT THREE

12. The Defendants adopt by reference all defenses to the proceeding Paragraphs set forth herein in full.

13. The Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint as amended and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint as amended fails to state a claim upon which relief may be granted.

2. The Plaintiff's Complaint as amended, and each count therein, is barred by the applicable statute of limitations.

3. The Plaintiff has failed to mitigate her own damages.

4. All claims arising from allegations of discriminatory conduct are barred except to the extent that they are within the scope of the administrative proceedings pursued by Plaintiff.

5. Except as specifically admitted or otherwise alleged herein, Defendants deny each and every allegation of Plaintiff's Complaint as amended.

6. Any and all actions of Defendants toward Plaintiff were justified, undertaken in good faith and without discriminatory motive.

7. The Plaintiff is estopped to pursue claims stated herein.

8. The Defendants plead that Plaintiff was an at-will employee.

9. The Defendants plead affirmatively that there was no contract of employment between Plaintiff and Defendants.

10. The Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a

burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

11. The Plaintiff's claim for punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of

proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

12. The Plaintiff's attempt to impose punitive or extra-contractual damages on these Defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

13. The award of punitive damages against the Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

Respectfully submitted this the 27th day of July, 2006.

s/Robert A. Huffaker (HUF003)
s/Alan T. Hargrove (HAR236)
s/R. Brett Garrett (GAR085)
**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
Tel: (334) 206-3215
Fax: (334) 262-6277

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon:

Norman Hurst, Jr.
462-A Sayre Street
Montgomery, AL 36104

by placing same in the United States Mail, postage prepaid and properly addressed on this the 27th day of July, 2006.

s/R. Brett Garrett (GAR085)