IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MONICA PERRYMAN  
Plaintiff,

v.    * Civil Action No.:2:06-cv-216-MET

FIRST UNITED METHODIST CHURCH  
AND DARLENE MAYE,  
Defendants.

## PERRYMAN'S RESPONSE TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, Monica Perryman, and pursuant to the order of this Honorable Court, files this brief in opposition of the defendants' motion for summary judgment heretofore filed in this matter.

I. Summary Judgment Standard:

A summary judgment motion raises the issue of whether there is a genuine issue of material fact. See Schwarzer, *Summary Judgement under the Federal Rules: Defining Issues of Material Fact*, 99 F.R.D. 465 (1983). What is a material fact has meaning only in the context of the substantive law of claims and defenses. See *Kennett-Murray Corp. V. Bone*, 622 F.2d 887, 892 (5th Cir. 1980) ("A fact is material if it constitutes a legal defense to an action."); *In re data Gen. Corp. Antitrust Litigation,* 490 F.Supp. 1089, 1102 (N.D. Cal. 1980) ("A material fact is one which, under applicable principles of substantive law, must exist in order to support a judgement in favor of the moving party.") A genuine issue exists when there is "a bona fide factual dispute." *Penttinaro Constr. Co. V. Delaware Auth. For Regional Transit*, 500 F. Supp. 559, 563 (D. Del. 1980). See also *Professional Real estate Investors v. Columbia Pictures Indus, Inc.*, 113 S. Ct. 1920, 1929 (1993); *Nebraska v. Wyoming*, 113 S. Ct. 1689, 1694, (1993).

The standard to determine if a genuine issue of material fact exists is whether, "viewing the evidence and the inferences that can be drawn therefrom in the light most favorable to the opposing party, the moving party clearly is entitled to prevail as a matter of law." *Program Eng'r v. Triangle Publications*, 634 F.2d 1188, 1192-93 (9th Cir. 19800. See also *General Elec. Co. v. Joiner*, 118 S. Ct. 512, 517, 139 L. Ed. 2d 508 (U.S. 1997) ("On a motion for summary judgement, disputed issues of fact are resolved against the moving party."); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786, 2798 (1993) ("[I]n the event the trail court concludes that the... evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to... grant summary judgment."); *Eastman Kodak Co. V. Image Tech. Servs. Inc.*, 112 S. Ct. 2072, 2077 (1992) (Nonmoving party's evidence to be believed and all justifiable inferences to be drawn in that party's favor); *Wolf v. Buss Am. Inc.*, 77F.3d 914, 922 (7th Cir. 1996), *cert. denied*, 136 L. Ed. 2d 116, 117 S. Ct. 175 (U.S. 1996) (" 'On summary judgement, a court can neither make a credibility determination nor choose between competing inferences....[T]hese are function for a jury.' "); *McLaughlin v. Liu*, 849 F2d 1205, 1208 (9th Cir. 1988) ("Our opinions on summary judgement... have honored the difference between weighing direct evidence and refusing to draw unreasonable inferences from circumstantial evidence. We have upheld summary judgement on the basis of... [the] 'implausibility' standard only where the non-movant relied on inferences from circumstantial evidence...."); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) ("[I]f direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."); *Dreher v. Sielaff*, 636 F.2d 1141, 1143 n.4 (7th Cir. 1980) ("The burden is upon the moving party to show that there is no issue of material fact in dispute, ... and all doubts... must be resolved against the movant.") *Bieghler v.*

*Kleppe*, 633 F.2d 531, 532-34 (9th Cir. 1980). A trial court's grant of summary judgement is reviewed de novo. *BellSouth Telecommunications, Inc. v. Johnson Bros. Corp. of Louisiana*, 106 F.3d 119, 122 (5th cir. 1997).

II. Application of Standard to the Facts:

There is a genuine issue of material fact and in viewing the evidence and the inferences drawn therefrom in the light most favorable to the Plaintiff, Mrs. Perryman, the moving parties are clearly not entitled to prevail as a matter of law.

The language and the legislative history of Title VII both indicate that the statue exempts religious institutions only to a narrow extent Section 702 of Title VII, Provides:

This subchapter shall not apply ...to a religious corporation, association, educational institution, or society with respect to the employment of individual of a particular religion to perform work connected with the carrying on by such corporation ,association , educational institutions, or society of it activities.

The wording of section 702 may fairly be constructed to prohibit some form of state involvement in ecclesiastical decision of employment . "The Ministerial exception" of Title VII first articulates in <u>McClure v Salvation Army</u>, 460 F. 3d 553 (5th Cir.) Cert denied , 409 U.S. 896, 93 S.Ct. 132, 34 L.Ed 2d 153 (1972), does not depend on ordination but upon the function of the position, <u>EEOC v 1169 Southwestern Baptist Seminary</u>, 651 F.2d 277 (5th Cir 1981), cert denied 456 U.S. 905, 102 S.Ct 1749, 72 L. Ed 2d. 161 (1982). " As a general rule, if the employee's primary duties consist teaching, spreading the faith, church governance, supervision of a religious order, or supervisor or participation in religious ritual and worship, he or she should be considered "clergry"

The question that must be resolve in any case is whether the dispute between the Mrs. Perryman and The First United Methodist Church (hereinafter FUMC) is an ecclesiastical one about

"discipline, faith, internal organization, or ecclesiastical rule, custom or law, or whether it is a case in which it should be held that the religious activity is purely secular between third parties and a particular defendant and thereby exposing the Defendants to civil liability. Bell v. Presbyterian Church (U.S.A.), 126 F.3d 328, 332-33 (4th Cir. 1997)

A. The Defendants' are not entitle to the 'ministerial exception' defense to Title VII claims

The Plaintiff's employment with First United Methodist Church was secular and not inherently important to the perpetuation of the church's existence by supporting, upholding church doctrine and spreading the Christian faith. Further, it is unclear if any doctrine or religious ideas are taught that would merit constitutional protection. For instance, the Defendant Maye said no faith is taught; no particular God is worshiped; no particular religious doctrine taught; and the center was not religious but a spiritually-enriched day care program. Maye depo., 21-39. It is clear that no religious ideas are taught in the daycare and although the daycare observe religious holidays as secular institutions said does not merit the defense from civil liability. In addressing the remaining issues raised by the moving party for summary judgment it is clear the Defendants knowingly and purposely discriminated against the plaintiff.

First, Plaintiff was not releasing all her claims of discrimination against the Defendants alleged in her EEOC charge. This is apparent in Perryman's deposition beginning., 145:11 and throughout that she was still maintaining certain claims and dropping others. Those claims remaining were the crux of Perryman's EEOC claim and her charge of discrimination. The remaining claims encompassed. her charge of discrimination and were like or related to allegations contained in the charge. Sanchez v. Standard Brands, Inc., 431 F. 2d 455, 466 (5th Cir. 1970)

Secondly, Plaintiff can establish preferential treatment as it relates to white females and males. In addressing these issues as it relates to maternity leave Mrs. Perryman was instructed she would not

be able to return to work during an evaluation after leave. Perryman depo., 158:7 As it relates to Defendants' assertions as to leave, leave was granted but not for the same length of time as white females and only because of health reasons. Perryman depo., 157:14-19. This is despite the fact that the Defendant, Maye in her deposition stated that she told Mrs. Perryman in her evaluation that she could return after maternity leave and the same was in writing Maye depo., 48:11-17, and the said evaluation contained nothing to that effect but only the Plaintiff stating her intent to come back. (See Exhibit A)

Also, Plaintiff showed she was discriminated against because of her race and gender, when she was fired although she had completed her annual training requirements but said certification had yet to be received. Perryman depo., 163:8-179:22. (See Exhibit B) Plaintiff was discriminated against because other employees were allowed to complete their hours after the February cutoff date including white females and a male; in regards to leave others, meaning white females and a black male were granted leave in which was granted and completely at the director's discretion Maye depo., 47:4-7, while Mrs. Perryman who was out with the pink eye was denied time off for a wic appointment and terminated for the same while other white employees and a black male where allowed time off Maye depo., 59:3,22. Further, the male although hired as a Spanish teacher and a P.E teacher Maye depo., 80:14, was allowed time off six times none for sickness or family emergencies and all were granted Maye depo., 79:7-16. Further, what complicates this matter is that the articulated reason for termination insubordination does not match deposition testimony and state filing.[1]

---

[1] Note that the Defendants informed the State of Alabama Industrial Relations Department that the plaintiff received a written warning on 02/14/05 (See Exhibit C) when in fact the Plaintiff was suspended and not at work, see Exhibit D.

III. <u>Conclusion</u>

In conclusion the said motion should be denied for all the above reasons.

                                                                  Norman Hurst, Jr. (HUR016)
                                                                  Attorney for Plaintiff
                                                                  462-A Sayre Street
                                                                  Montgomery, Alabama 36104
                                                                  (3340 269-6449

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing reply was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

Honorable Brett Garrett
184 Commerce Street
Montgomery, Alabama 36101

                                                                  Norman Hurst Jr.