UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| MONICA PERRYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:06-cv-216-mef |
| V. | ) | |
| | ) | |
| FIRST UNITED METHODIST | ) | |
| CHURCH and DARLENE MAYE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants First United Methodist Church and Darlene Maye, and move this Honorable Court to strike Plaintiff's Response to Defendants' Motion for Summary Judgment and as grounds aver:

1.  The Plaintiff, Monica Perryman, filed suit against First United Methodist Church (hereinafter "FUMC"), a Methodist Church located in Montgomery, Alabama, and Darlene Maye, Director for FUMC's Early Childhood Development Center, alleging numerous instances of racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* (See Exhibit "A"). In her Complaint, the Plaintiff states that she was employed by FUMC as a teacher, and, due to her race, she suffered various forms of discrimination during and in furtherance of her employment. (Id.) On July 26, 2006, the Plaintiff filed an Amended Complaint alleging that she was discriminated against based on her gender and asserting claims under the 13th and 14th Amendments to the U.S. Constitution; 42 USC §§ 1981, 1983, & 1985; and the Equal Pay Act of 1963. (See Exhibit "B").

2.  On June 19, 2006, the Court entered a Uniform Scheduling Order. (See Exhibit "C"). Pursuant to this Order, all dispositive Motions--including Motions for Summary Judgment--were due to be filed on October 31, 2006. (Id.)

3.  The Defendants filed a timely Motion for Summary Judgment and supporting brief pursuant to the Court's Uniform Scheduling Order.

4.  On November 2, 2006, the Court issued an Order setting Defendants' Summary Judgment Motion for submission, without oral argument, on November 20, 2006. (See Exhibit "D"). The Order dictated that any opposing brief and evidentiary materials were due to be filed by November 20th. (Id.)

5.  The Plaintiff failed to file a timely response to Defendants' Motion for Summary Judgment.

6.  Instead, on November 20, 2006, Plaintiff filed a Motion requesting extension of time to file a response to Defendants' Motion for Summary Judgment. (See Exhibit "E"). The Court denied this motion on November 22nd. (See Exhibit "F").

7.  On January 9, 2007--fifty (50) days after her response to the Motion for Summary Judgment was due pursuant to Court Order--the Plaintiff filed an untimely response. This response was filed without leave of Court and in violation of this Court's Order denying Plaintiff's motion for extension of time.

8.  Since the Plaintiff's response was untimely filed, without leave of Court, it is due to be stricken from the record.

WHEREFORE, premises considered, the Defendants move the Court to Strike Plaintiff's untimely response to Defendants' Motion for Summary Judgment.

Respectfully submitted this the 15th day of January, 2007.

s/Robert A. Huffaker (HUF003)
s/Alan T. Hargrove (HAR236)
s/R. Brett Garrett (GAR085)
**RUSHTON, STAKELY, JOHNSTON**
**& GARRETT, P.A.**
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
Tel: (334) 206-3215
Fax: (334) 262-6277

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Norman Hurst, Jr.
462-A Sayre Street
Montgomery, AL 36104

by placing same in the United States Mail, postage prepaid and properly addressed on this the
15th day of January, 2007.

s/R. Brett Garrett (GAR085)

4

5

6

7

8

In The United States District Court

For The Middle District Of Alabama

Northern Division

RECEIVED

2006 MAR -6  P 1: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Monica Perryman ,                    )     Case No.: No. 130-2005-05331

9              Plaintiff,             )     Discrimination and Retaliation

10        vs.                         )     2:06CV216-mef

11   First United Methodist Church    )

12   and Darlene Maye,                )     **DEMAND FOR JURY TRIAL**

13              Defendants.           )

14

15

16

### COMPLAINT

17   This is an action brought to redress employment discrimination based on race pursuant to Title

18   VII of the Civil Rights of 1964, 42 U.S.C. section 2000e et seq., as amended by 42 U.S.C.

19   sections 1981 and the Civil Rights Act of 1991, and pursuant to 42 U.S.C. sections 1981.

20   **I. JURISDICTION**

21   1. The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. section 1331

22   and 1343(4) and 28 U.S.C. section 2201 and 2202. This is a suit authorized and instituted

23   pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C.

24   section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C sections 1981.

25   The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of

26   rights secured by 42 U.S.C. section 2000e et seq., providing for injunctive and other relief

27   against racial discrimination, promotion and pay.

28

**DEFENDANT'S
EXHIBIT
A**
tabbies'

4   2. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title

5   VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, and the "Civil

6   Rights of 1991," 42 U.S.C section 2000e et seq. The plaintiff timely filed his EEOC charge of

7   racial discrimination within 180 days of the last discriminatory act. Plaintiff filed this action

8   within 90 days of receipt of her right-to- sue notices.

9   **II. PARTIES**

10   3. Plaintiff Monica Perryman a black female is a citizen of The United States and is a resident

11   of the State of Alabama. Plaintiff is a "person aggrieved" under Title VII of the 1964 Civil

12   Rights Act.

13   4. Defendants, Darlene Maye and First United Methodist Church Early Childhood

14   Development Center an entitles subject to suit under Title VII of the "Civil Rights of 1964," as

15   amended, 42 U.S.C. section 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. section

16   1981. The defendants do business in Montgomery, State of Alabama, and employ at least

17   eighteen (18) persons.

18   **III. CAUSES OF ACTION**

19   5. Plaintiff re-alleges and incorporates by reference paragraphs 1-4 above with the same force

20   and effect as if fully set out in specific detail herein below.

21   6. Plaintiff began her employment with the defendants, in Montgomery approximately August

22   2001. Plaintiff worked as a teacher in the Pre-K class

23   7. During the plaintiff's employment with this company she was never disciplined or written up

24   and always received positive evaluations.

25   8. In September 2003 the plaintiff express her concerns on several objectives.

26   a. The payroll checks being opened and read by the plaintiff supervisor.

27   b. The safety of the children.

28   c. Her right for maternity leave.

4    9. Plaintiff was told she was only making things worse for herself.

5    10. In February 2005 plaintiff was refused time off and threatening for continuing required

6    professional development and advancement classes.

7    11. Plaintiff was not allowed to signed or receive a copy of the policy and procedure memo

8    March 2005. Plaintiff believes that other employee's were not treated with workplace unfairness.

9    12. The Plaintiff again expressed her concerns of workplace unfairness to the administrator and

10    to the Pastor of the church. The scrutinizing and retaliation begin towards the plaintiff.

11        a. The physical education time changed. Plaintiff class could no longer interact with other

12    classes.

13        b. The plaintiff and her class were quarantined in a fire hazard room during rest period.

14        c. The plaintiff could not attend to the laboratory needs of the children or herself during rest

15    period.

16    13. Plaintiff believes her employer and supervisor violated well company policies, Minimum

17    Standards for Daycare Center and Nighttime Centers Regulations and Procedures, The National

18    Association for the Education of Young Children (NAEYC) Code of Ethical Conduct and The

19    U.S. Department of Labor Employment Standards Administration Wage and Hour Division Fact

20    Sheet number 46: Daycare Centers and Preschools Under the Fair Labor Standards Act (FLSA).

21    14. Plaintiff's supervisor made discriminatory comments on behalf of plaintiff and her family.

22        a. Plaintiff's supervisor told plaintiff her daughter had nappy hair.

23        b. Plaintiff's supervisor asked plaintiff when she was going to put a relaxer in her daughter

24    hair.

25        c. Plaintiff's supervisor made comments on how plaintiff's sister's skin was lighter then

26    plaintiff's.

27

28

V. Plaintiff's supervisor often stated that she makes the church a lot of money and they were not going to let her go no matter how many times plaintiff speaks or write to the administer of concerns of the violations taken place.

15. The plaintiff's supervisor showed bias on the staff/child ratio. Plaintiff believes other teachers received additional staffing in their classroom.

16. The plaintiff supervisor showed statistics favoritism with several of the employees. Plaintiff believes there was employees were the schedules allow them to attend school and be employed by other employers.

17. The plaintiff was passed over for promotion of assistant director. The plaintiff believes supervisor interviewed two employee's who did not apply for the position and hired a person with less qualifications she requested plaintiff to have.

18. All of the actions taken against the Plaintiff were discriminatory and based upon her race, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. section 1981

19. As a result of the described in paragraphs 6-18, Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish.

20. As a result of the differential treatment in promotion and pay, plaintiff has suffered monetary damages.

21. As a result of her constructive discharge plaintiff has suffered lost wages.

22. Because the actions of the defendants were committed with malice and or with reckless indifference to plaintiffs federally protected rights, plaintiff is entitled to punitive damages.

**VI. <u>Prayer for Relief</u>**

WEREFORE, the plaintiff respectfully prays that this court:

1. Issue a declaratory judgment that the defendants' acts, policies, practices and procedures complained of herein have violated the rights of the plaintiff as secured by Title VII of

the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq., as amended by the Civil Rights Act of 1991 of, and 42 U.S.C. section 1981.

2. Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' from continuing to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. section 1981

3. Grant the plaintiff an order requiring the defendants to make them whole, by granting appropriate declaratory and injunctive relief compensatory and punitive damages, back pay (plus interest) attorneys fees, expenses and costs.

4. The plaintiff further prays for such other relief and benefits as the case of justice may require.

Respectfully submitted,

*Monica Perryman*
Monica Perryman

**OF COUNSEL:**

Monica Perryman

4265 Burtonway Drive

Montgomery, Alabama 36116

(334) 324-9085

PLAINTIFF HEREBY DAMANDS TRIAL BY JURY

*Monica Perryman*

Workplace unfairness - 5

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Monica Perryman
4265 Burtonway Drive
Montgomery, Alabama 36116

*From: Birmingham District Office*
*2000 Ridge Park Place*
*1130 South 21ˢᵗ Street*
*Birmingham, AL  35205*

[  ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130 2005 05331 | J.W. Furman | (205) 212-2061 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough, District Director

**1 3 DEC 2005**

*(Date Mailed)*

Enclosure(s)

cc:

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

MONICA PERRYMAN,               *
        Plaintiff,             *
                               *
v.                             *  Case No. 2:06-cv-mef
                               *
FIRST UNITED METHODIST CHURCH  *
and DARLENE MAYE,              *
Defendants.                    *
_____  *

### AMENDED COMPLAINT

COMES NOW, the Plaintiff, Monica Perryman by and through her undersigned counsel and amend her complaint and thereby adopts by reference claims and facts filed in her original complaint to the extent they do not conflict with her new assertions and says as follows:

### FACTS

1.  Plaintiff, Monica Perryman, a black female, prior to her discharged was employed with First Untied Methodist Church for approximately four years. Ms. Perryman was employed as a Pre-K teacher. During the course of her employment Ms. Perryman had received excellent reviews during those years.

2.  Sometime around September 2003, Ms. Perryman expressed her concerns on the following subjects:

    a. The payroll checks being opened and read by the supervisor.

    b. The safety of the children.

    c. Her right for maternity leave.

    d. Failure to pay her for time worked

3.  Sometime around February 2005 plaintiff was refused time off while others were frequently given time off. Ms. Perryman was aware of several males who were frequently given time off and special favors.

DEFENDANT'S
EXHIBIT
B

Males were also given lighter work loads and were not required to perform the same tasks as Ms. Perryman.

4.  The First Untied Methodist Church behavior was designed to harass, humiliate and frustrate Ms. Perryman in the performance of her duties as a Pre-K teacher in a deliberate and calculated attempt to remove her form her position. Ms. Perryman as a female employee was given excessive, burdensome, and unstable working conditions. While male employees, similarly situated were given stable working conditions and were allowed time off and received the same or higher pay as Ms. Perryman. The First Untied Methodist Church is also fostering a policy were female employees are more likely to be disciplined or terminated than male employees. The policy standard as imposed and enforced against female employees, is not the same policy standard that is enforced and imposed against male employees.

5.  The First Untied Methodist Church has purposeful discriminated against Ms. Perryman. As a result of this discrimination the plaintiff has suffered embarrassment, humiliation, mental distress, emotional pain and anguish, and lost wages in violation of 13th and 14th Amendment of the Constitution of the United States, 42 U.S.C.A., 1981, 1983, 1985 and Equal Pay Act of 1963.

COUNT ONE

6.  The Plaintiffs repeat, reallege and incorporate herein by reference the proceeding paragraphs as is set forth herein in full

7.  Monica Perryman began her employment with the defendants approximately around August 2001.

8.  The First Untied Methodist Church behavior was designed to harass, humiliate and frustrate Ms. Perryman in the performance of her

duties as a Pre-K teacher in a deliberate and calculated attempt to remove her form her position in violation of 13th and 14th Amendment of the Constitution of the United States, 42 U.S.C.A., 1981, 1983,.

## COUNT TWO

9.  The Plaintiffs, repeat, reallege, and incorporate herein by reference the proceeding paragraphs as is set forth herein in full.

10. The First Untied Methodist Church deprived Ms. Perryman, of her right for maternity leave and time off.

11. Ms. Perryman was deprived of her civil rights because of her gender in order to discriminate against her in application of policy concerns, work load, and unstable working conditions. While male employees, similarly situated were given stable working conditions in violation of 13th and 14th Amendment of the Constitution of the United States, 42 U.S.C.A., 1981, 1983, 1985 and Equal Pay Act of 1963.

## COUNT THREE

12. The Plaintiff's repeat, reallege and incorporate herein by reference the proceeding paragraphs as is set forth herein in full.

13. The First Untied Methodist Church has purposeful discriminated against Ms. Perryman. As a result of this discrimination the plaintiff has suffered embarrassment, humiliation, mental distress, emotional pain and anguish, and lost wages in violation of 13th and 14th Amendment of the Constitution of the United States, 42 U.S.C.A., 1981, 1983, 1985 and Equal Pay Act of 1963.

THEREFORE, the above Plaintiff ask this honorable court for damages for said violations and any relief that this court might find appropriate.


Norman Hurst, (HUR016)
Attorney for the Plaintiff
462 Sayre Street
Montgomery, Alabama 36104
(334) 269-6449


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Complaint was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

    Honorable R. Brett Garrett
    184 Commerce Street
    Montgomery, Alabama 36104

**RESPECTFULLY SUBMITTED**, this the 6th day of July 2006.


Norman Hurst

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MONICA PERRYMAN,            )
                            )
      Plaintiff,            )
                            )        CIVIL ACTION NO.
      v.                    )        2:06cv216-MHT
                            )
FIRST UNITED METHODIST      )
CHURCH and DARLENE MAYE,    )
                            )
      Defendants.           )

### UNIFORM SCHEDULING ORDER

Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary and unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/. NOTE THAT SECTION 9 IS NEW.

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

SECTION 1. A pretrial hearing of this case is scheduled for the 29th day of January, 2007, and this cause is set for trial during the term of court commencing on the 26th day of February, 2007.



DEFENDANT'S EXHIBIT
C
tabbies

SECTION 2. Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than NINETY (90) DAYS prior to the pretrial hearing. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

SECTION 3. On or before TWENTY-ONE (21) DAYS after the deadline for the filing of dispositive motions, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not less than FIVE (5) DAYS after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

SECTION 4. Any motions to amend the pleadings and to add parties shall be filed on or before August 31, 2006.

SECTION 5. Any motion for class certification shall be filed on or before August 31, 2006. A brief discussing the factors enumerated in Rule 23(a) and (b) of the Federal Rules of Civil Procedure shall be filed with any such motion.

SECTION 6. The failure to file a response to any motion--either dispositive or non-dispositive--within the

time allowed by the court shall indicate that there is no opposition to the motion.

SECTION 7. All discovery shall be completed on or before December 8, 2006, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 10, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

SECTION 8. The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s)--on or before September 1, 2006.

From the defendant(s)--on or before September 22, 2006.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

SECTION 9. GENERAL PROVISIONS:

(A) All briefs on any matter before the court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."

(B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other

parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court in both (a) an Adobe Acrobat PDF format attachment to the motion and (b) by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to <propord_thompson@almd.uscourts.gov>. For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

SECTION 10. FORTY (40) DAYS BEFORE TRIAL, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Paragraph 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

SECTION 11. FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition that a party expects to use at trial. Adverse parties shall within ONE WEEK THEREAFTER identify any responsive parts of depositions expected to be used, and a party shall within THREE DAYS

of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed FIFTEEN (15) DAYS BEFORE TRIAL, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

SECTION 12.    FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed FIFTEEN (15) DAYS BEFORE TRIAL, the evidence shall be deemed genuine and admissible in evidence. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be pre-marked prior to trial.

SECTION 13.    Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties' Planning Meeting, filed on June 15, 2006 (Doc. No. 22), is adopted and incorporated herein.

SECTION 14:  <u>If a jury trial</u>:  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.  Trial counsel are DIRECTED to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.7

SECTION 15.  In cases involving jury trials, the term TRIAL DATE as used in the foregoing deadlines shall mean the date set for jury selection.

SECTION 16.  If any party has an objection to these deadlines, the party should inform the Court within 14 days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

DONE, this the 19th day of June, 2006.


     /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

PROGRAM OF VOLUNTARY MEDIATION

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that mediation is completely voluntary and confidential. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and at the same time permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting, the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process, the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often, an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not more than 21 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference, counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances, the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a non-judicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.

## NOTICE! NOTICE! NOTICE! NOTICE!

There are advantages to consenting to a trial before a
magistrate judge. The principal advantage is that the
magistrate judge does not have a docket such as do the district
judges and is very flexible on giving you a time to try your
case. The court assures you that all four of our magistrate
judges are extremely competent and knowledgeable of the law and
the procedures necessary to try any civil case. As you know,
the dockets of the district judges are very congested. As the
magistrate judge will be conducting the discovery proceedings
in the case, he or she will be more familiar with the case than
will the district judge. Remember, however, that if you elect
to mediate before the magistrate judge to whom the case is
assigned, that magistrate judge may not then try your case but
the case may be assigned to another magistrate judge if you
elect for a magistrate judge to try your case. If you do elect
to proceed to trial before a magistrate judge, you should
notify the district judge to whom your case is assigned so that
he, as a matter of courtesy, may telephone the magistrate judge
and inform him or her that you desire to try your case before
him or her. The parties are encouraged to consider this as an

alternative in order to speed up the judicial process. The
form and notice of availability of a magistrate judge are
attached.

The parties are advised that they are free to withhold
their consent without adverse consequences.

# UNITED STATES DISTRICT COURT

_____ District of _____

NOTICE, CONSENT, AND ORDER OF REFERENCE/EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

Plaintiff

v.

Case Number:

Defendant

## NOTICE OF AVAILABILITY OF THE UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C.§636(c), and Fed.R.Civ.P. 73, you are notified that a United States Magistrate Judge of this district court is available to conduct any or all proceedings in this case, including a jury or non-jury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C.§636(c), and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Parties Represented | Signatures | Dates |
|---------------------|------------|-------|
|                     |            |       |
|                     |            |       |
|                     |            |       |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____,
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C.§636(c), and Fed.R.Civ.P. 73.

_____          _____
     Date                    United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

## ***DO NOT FILE THIS DOCUMENT ELECTRONICALLY***

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


MONICA PERRYMAN,                )
                                )
        Plaintiff,              )
                                )        CIVIL ACTION NO.
        v.                      )        2:06cv216-MHT
                                )
FIRST UNITED METHODIST          )
CHURCH and DARLENE MAYE,        )
                                )
        Defendants.             )

ORDER

It is ORDERED that the motion for summary judgment (doc. no. 33) is set for submission, without oral argument, on November 20, 2006, with any opposing brief and evidentiary materials due by said date.

DONE, this the 2nd day of November, 2006.


_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE


DEFENDANT'S
EXHIBIT
D

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF
ALABAMA, NORTHERN DIVISION

```
                              NOV 20  P 5: 18
MONICA PERRYMAN,              *
        Plaintiff,           *
                             *
v.                           *   Civil Action No. 2:06cv216-MHT
                             *
FIRST UNITED METHODIST       *
CHURCH AND DARLENE MAYE,*
        Defendant.           *
                             *
```

## MOTION FOR EXTENSION OF TIME TO FILE REPLY
## TO SUMMARY JUDGMENT MOTION

COMES NOW, Monica Perryman, by and through her undersigned attorney and according

to the F.R.Civ.P., and prays that this honorable court grants her an extension of time to reply to the

Defendants' Motion for Summary Judgment and as grounds states as follows: The plaintiff is in need

of more time to adequately reply to the Defendants' motion in that it involves the religious exception

under Title VII. Further the plaintiff's counsel has spoken with the Defendants' counsel in this matter

and the same has no opposition to the granting of time to file such reply.

WHEREFORE, premises considered the plaintiff prays for more time to reply to said motion

and an order directing such time be granted.

_____
Norman Hurst Jr.  (HUR016)
Attorney for the Plaintiff
462-A Sayre Street
Montgomery, Alabama 36104
(334) 269-6449

DEFENDANT'S
EXHIBIT
E

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing motion   was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

Honorable Brett Garrett
184 Commerce Street
Montgomery, Al 36101

This 20th  day of November, 2006

_____
Norman Hurst Jr.

# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

## MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MONICA PERRYMAN,                    )
                                    )
        Plaintiff,                  )
                                    )           CIVIL ACTION NO.
        v.                          )           2:06cv216-MHT
                                    )
FIRST UNITED METHODIST              )
CHURCH and DARLENE MAYE,            )
                                    )
        Defendants.                 )

## ORDER

It is ORDERED that the motion for extension of time (Doc. No. 38) is denied for the following reason.

This court has made clear that, "[a]bsent stated unforeseen and unavoidable circumstances beyond the control of the movant, ... 'eleventh hour' extension requests and motions will be denied outright." Scheduling Order (Doc. No. 25), § 9(B). The movant has failed to offer any explanation as to why her extension request was filed 'after' the November 20 deadline, rather than days, or even weeks, in advance.

DONE, this the 22nd day of November, 2006.

                    ___/s/ Myron H. Thompson___
                    UNITED STATES DISTRICT JUDGE

