UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MONICA PERRYMAN,** | ) |
| Plaintiff, | ) ) ) |
| vs. | )   2:06-cv-216-MHT ) ) |
| **FIRST UNITED METHODIST CHURCH and DARLENE MAYE,** | ) ) ) |
| Defendants. | ) ) ) |

## MOTION OF DEFENDANTS TO DISMISS CASE

**COME NOW** the Defendants, First United Methodist Church and Darlene Maye, and move this Court, pursuant to Rule 16(f) and Rule 41(b) F.R.C.P. to dismiss this action and as grounds, assign the following:

1.  Throughout the course of this case, counsel for the Plaintiff has disregarded court orders and directives, which has resulted in prejudice to the Defendants and the incurring of unnecessary attorneys' fees and expenses by the Defendants. For example, Defendants timely filed a Motion for Summary Judgment (Doc. No. 33) and this Court ordered that the Plaintiff respond to the motion on or before November 20, 2006 (Doc. No. 36). Plaintiff did not file a response to the Motion for Summary Judgment but, instead, filed a motion on November 20, 2006, asking for an extension of time to respond to the Defendants' Motion (Doc. No. 38). The Court denied the Plaintiff's time

extension by its Order of November 22, 2006, observing that "[t]he movant has failed to offer any explanation as to why her extension request was filed 'after' the November 20 deadline, rather than days, or even weeks, in advance." (Doc. No. 40).

2. Pursuant to the Uniform Scheduling Order entered in this case, the parties were advised that a pretrial hearing was scheduled for January 29, 2007, and the Court set dates for exchange of witness and exhibit lists (Doc. No. 25). Defendants timely served their witness and exhibit lists (Doc. Nos. 43 and 44). Plaintiff has not served any witness or exhibit list as directed by the Scheduling Order.

3. On November 16, 2006, the Court entered its Order setting the pretrial hearing for 10:30 a.m. on January 29, 2007 and directing that the parties jointly prepare a pretrial order (Doc. No. 37). Plaintiff was directed to mail the original of the order to be received no later than two business days prior to the pretrial hearing.

4. In advance of the date for submission of the pretrial order, counsel for the Defendants placed telephone calls to Plaintiff's counsel in order to coordinate the preparation of the pretrial order. Plaintiff's counsel did not respond to these telephone communications. On January 24, 2007, counsel for the Defendants sent a draft pretrial order to Plaintiff's counsel requesting that Plaintiff insert the contentions of the Plaintiff and submit the order to the Court in a timely fashion (attached as Exhibit 1). Despite several efforts of Defendants'

counsel to contact Plaintiff's attorney, Plaintiff's counsel never filed the pretrial order with the court, as directed.

5. Counsel for the Defendants appeared at the pretrial conference at 10:30 a.m. on January 29, 2007. Counsel for the Plaintiff did not appear, although the Court deferred commencement of the pretrial conference for approximately 20-25 minutes.

6. Because Plaintiff has disregarded Court directives on various occasions during the course of the litigation, it would be proper for the Court to dismiss this action under Rule 41(b) for failure to prosecute and/or failure to comply with the orders of the Court. *See e.g. Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980) (dismissal with prejudice appropriate where a clear record of delay or contumacious conduct by the plaintiff exists). Dismissal is also sanctioned under Rule 16(f) because of Plaintiff's counsel's failure to obey a scheduling order and his failure to appear at the pretrial conference.

7. Additionally, this Court should dismiss the Plaintiff's claims pursuant the Motion for Summary Judgment filed by the Defendants. The Defendants met their threshold burden in establishing their entitlement to summary judgment and the Plaintiff has not timely filed any response thereto.

WHEREFORE, the Defendants respectfully move the Court to dismiss this action because of the Plaintiff's failure to prosecute, failure to comply with Court

orders, and failure to attend the pretrial conference or, alternatively, to dismiss this action pursuant to the Defendants' Motion for Summary Judgment.

        /s/ Robert A. Huffaker
        Robert A. Huffaker
        R. Brett Garrett
        Rushton, Stakely, Johnston & Garrett, P.A.
        184 Commerce Street (36104)
        Post Office Box 270
        Montgomery, Alabama  36101-0270
        Tel:  (334) 206-3100
        Fax: (334) 481-0814
        E-Mail: rah@rsjg.com
        Bar No. ASB-7668-U79R

        Attorneys for Defendants, First United Methodist Church and Darlene Maye

## CERTIFICATE OF SERVICE

I do hereby certify that on the 29th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I have served a copy of the foregoing by placing same in the United States Mail, postage prepaid and properly addressed to:

    Norman Hurst, Jr., Esq.
    462 Sayre St Apt A
    Montgomery, AL  36104-4138

        /s/ Robert A. Huffaker
        Of Counsel