IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MONICA PERRYMAN <br> Plaintiff, | * <br> * <br> * |
| v. | * Civil Action No.:2:06-cv-216-MET <br> * |
| FIRST UNITED METHODIST CHURCH <br> AND DARLENE MAYE, <br> Defendants. | * <br> * <br> * |

RECEIVED
2007 FEB -7 P 3: 58
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## PERRYMAN'S RESPONSE TO THE DEFENDANTS MOTION TO DISMISS

COMES NOW, the Plaintiff, Monica Perryman, and pursuant to the order of this Honorable Court, and shows why the defendants' Motion to Dismiss pursuant to Rule 16(f) and Rule 41(b) F.R.C.P., should be hereby denied and says as follows:

1. The Defendants in this matter have raised several contentions pursuant to their Motion to Dismiss because of Plaintiff counsel's alleged failure to obey a scheduling order and his failure to appear at a pretrial conference. Also they have alleged without proof of bad faith, that such actions are paramount to a lack of prosecution and/or failure to comply with the orders of this Court. Further, to bolster their claim that dismissal is appropriate in this action they cite *Anthony v. Marion County General Hospital*, 617 F. 2d 1164 (5th Cir. 1980), which has some negative history although not completely overruled.

2. Plaintiff's counsel, because there has been no evidence introduced, that Plaintiff has somehow failed to prosecute her case and/or failed to comply with the orders of this Honorable Court, responds individually to said allegations by averring that counsel for the plaintiff, has not failed to prosecute this matter and did not willfully disobey any court order.

3. In addressing the Defendants' grounds for dismissal, Rule 16(f) of the F.R.C.P., requires dismissal sanctions only after the trial court weighs: (1) public's interest in expeditious resolution of litigation; (2) court's need to manage its docket; (3) risk of prejudice to parties; (4) public policy favoring resolution on merits; and (5) availability of less drastic sanctions. Further good faith adherence to the Rule 16 pretrial process is critical because Rule 16(f) expressly authorizes both merit and cost sanctions against offending parties, their attorneys, or both.

4. Defendants' in their motion have failed to address all of the considerations as enumerated above and provides to the court no proof of how they have been prejudiced only stating that they were prejudiced, "and the incurring of unnecessary attorneys' fees and expense by the Defendants." Although the Defendants may be entitled to cost sanctions, if the court finds that said are warranted, they have failed to provided this court or plaintiff with documentation of said expenses and how the alleged prejudice resulted in increase expense and cost. Most importantly the pleading is devoid of any allegations that Plaintiff counsel willfully disobeyed this Court's order or any language that would infer that counsel acted in bad faith.

5. As counsel for the plaintiff has stated before, I was unaware and did not receive notice of a pretrial conference scheduled for January 29, 2007. Although, plaintiff counsel admits, that he was aware of a pretrial order to be jointly prepared said could not have been prepared as pursuant to this Court's order. Plaintiff was directed to mail the original of the order to be received no later than two business days prior to the pretrial hearing. Plaintiff counsel did not receive the Defendants' portion until Thursday January 25, 2007, a day and half before the hearing, and not within the two business days as ordered, making it impossible to comply. Also, Plaintiff's counsel has provided proof that he was in a criminal trial on said day and for two days thereafter. Further there has been no showing that the Plaintiff herself participated and less drastic measures exists for sanctions other than dismissal.

6. In *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982) the fifth Circuit stated that "Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interest of justice." Again Defendants pleading is devoid of pointing to which conduct by the Plaintiff counsel was contumacious and in bad faith. Further, plaintiff counsel has attempted to explain to the court all concerns as raised by the Defendants in their Motion to Dismiss.

In conclusion the Defendant's motion has failed to meet the standard as enumerate by case law and F.R.C.P., why such motion should be granted and that said was in bad faith and contumacious. Even if this Court in it's wisdom find that Plaintiff's counsel failed to prosecute this matter there has been no showing that Plaintiff herself should be penalized by dismissing her complaint. WHEREFORE, premises considered the Defendant's Motion for dismissal should be denied.

_____
Norman Hurst, Jr., (HUR016)
Attorney for the Plaintiff
462-A Sayre Street
Montgomery, Alabama 36104
(334)269-6449

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing response was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

Honorable Brett Garrett
184 Commerce Street
Montgomery, Alabama 36101

This 7th day of Feburary, 2007

_____
Norman Hurst Jr.