IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MONICA PERRYMAN,              )
                              )
       Plaintiff,             )
                              )
    v.                        )        CIVIL ACTION NO.
                              )        2:06cv216-MHT
FIRST UNITED METHODIST        )            (WO)
CHURCH and DARLENE MAYE,      )
                              )
       Defendants.            )

OPINION AND SANCTIONS ORDER

Plaintiff Monica Perryman sued defendants First
United Methodist Church and Darlene Maye for race and
gender discrimination in employment.  Perryman based
her lawsuit on the Civil Rights Act of 1866, as
amended, 42 U.S.C. §§ 1981, 1983, and 1985(3); the
Equal Pay Act of 1963, 29 U.S.C. § 206; and Title VII
of the Civil Rights Act of 1965, as amended, 42 U.S.C.
§§ 1981a, 2000e through 2000e-17; she invoked the
jurisdiction of the court pursuant to 28 U.S.C. § 1343

(§§ 1981, 1983 and 1985(3) claims), 42 U.S.C. § 2000e-5(f) (Title VII claims), and 29 U.S.C. § 217 (Equal Pay Act claim).   In an opinion and judgment entered on March 5, 2007, the court entered summary judgment in favor of the defendants First United and Maye and against Perryman.   _Perryman v. First United Methodist Church_, 2007 WL 703604 (M.D. Ala. 2007).

The one remaining issue is whether Perryman's attorney, Norman Hurst, Jr., should be sanctioned for failing to comply with a court order that required him to (1) cooperate with defense counsel in drafting a pretrial order and (2) attend a pretrial hearing.   The sanctions issue is before the court by way of a motion to dismiss filed by the church and Maye on January 29, 2007, and a contempt show-cause order entered by the court, _sua sponte_, on January 30.   As explained below, the court concludes that Hurst should be sanctioned pursuant to Fed.R.Civ.P.16(f).

2

## I. BACKGROUND

The principal events leading up to the sanctions issue are, chronologically, as follows:

<u>March 6, 2006</u>: Perryman, without an attorney, filed this lawsuit.

<u>June 7</u>: Hurst entered an appearance on behalf of Perryman.

<u>June 19</u>: The court entered a scheduling order setting this case for pretrial on January 29, 2007, and for trial during the term of court beginning on February 26, 2007. No specific times for the pretrial and trial were given in the order.

<u>November 16</u>: The court entered an order setting the pretrial for 10:30 a.m. on January 29, 2007, in chambers, and stating that (1) "ALL ATTORNEYS who are to try this case must be present," (2) "Appropriate penalties will be imposed for failure to comply with these requirements," and (3) "The parties are DIRECTED to prepare JOINTLY a proposed pretrial order in

3

accordance with the attached outline" and "Plaintiff is DIRECTED to mail the original of the proposed pretrial order to this court to be received no later than two business days prior to the pretrial hearing."

<u>January 22, 2007, Monday</u>: Because, pursuant to the November 16 pretrial-notice order, Hurst was responsible for submitting a jointly prepared proposed pretrial order to the court, defense counsel called Hurst and left a voice message that they would like to talk to him about the Perryman case.[1]  Hurst did not return the call.

<u>January 23, Tuesday</u>: Defense counsel called Hurst again and left a voice message that they would like to talk to him about the Perryman case.  Hurst did not return the call.

<u>January 24, 2007, Wednesday</u>: Defense counsel mailed Hurst a letter, with a copy of a proposed pretrial

---

1.  Hurst does not have a secretary or other legal assistant, and he has neither email nor facsimile capability.

**4**

order attached and reminding him that he was responsible for submitting the proposed order to the court. As required by the November 16 pretrial-notice order, the proposed order contained defense counsel's contentions, and left a blank space for Perryman's contentions; it also opened with the preamble that "A pretrial hearing was held in this case on January 29, 2007 ...."

     January 25, Thursday: On this day, pursuant to the November 16 pretrial-notice order, Hurst was to have submitted a jointly prepared proposed pretrial order. None was received.

     Hurst received defense counsel's January 24 letter with the proposed pretrial order (containing defense counsel's contentions) attached. Hurst did not act on the letter.

     January 26, Friday: Court personnel called counsel for the parties to inquire why Hurst had not submitted a jointly prepared proposed pretrial order. Defense

counsel emailed to the court a proposed order that included all that was required of them, including their contentions. They also advised that, because Hurst had failed to cooperate in preparation of the order, the part of the proposed order that required Perryman's contribution, including her contentions, was left blank.

A legal assistant for defense counsel finally reached Hurst by phone. Hurst said that he would be available at 4:00 p.m. that day, and asked that one of the defense counsel call him then. Because that defense counsel had another legal engagement at 4:00 p.m., he did not call Hurst.

January 29, Monday: The court held a pretrial in this case. Defense counsel attended; Hurst neither attended, nor called chambers to ask to be excused. During the pretrial, defense counsel orally moved to dismiss this case, and, later, after the pretrial,

filed a written motion to dismiss.  The written motion also included a request for sanctions against Hurst.

January 29: The court entered an order directing Hurst to show cause, by February 5, 2007, why defense counsel's written dismissal motion should not be granted.

January 30: The court, sua sponte, after noting that "Counsel for defendants ... orally reported to the court that ... Hurst ... failed to participate in the drafting of a proposed pretrial order" and that "Hurst ... failed to appear for the pretrial conference scheduled for January 29, 2007," entered an order directing that Hurst "personally appear on February 7, 2007, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama 36104, and show cause why he should not be held in contempt of court and sanctioned, pursuant to Rule 16 of the Federal Rules of Civil Procedure, for the ... alleged failures."

7

**February 7**:   A hearing was held.    Hurst and defense counsel testified.


## II. DISCUSSION

Because summary judgment has been entered in favor of First United and Maye, their January 29 oral motion to dismiss can be denied as moot in its entirety, and their January 29 written motion to dismiss can be denied as moot to the extent dismissal is sought. Therefore, the only issue for the court is whether Hurst, the attorney for Perryman, should be held in contempt and sanctioned pursuant to the church and Maye's January 29 dismissal motion and the court's January 30 contempt show-cause order.

Under Federal Rule of Civil Procedure 16(f), if a party's attorney, without reasonable excuse, fails to comply with a scheduling order or fails to appear for a pretrial conference, the court may impose sanctions against that attorney, and the sanctions my include the

8

opposing party's reasonable attorney's fees and expenses incurred because of non-compliance with Rule 16.[2]

---

2.  Rule 16 provides:

    "Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

Fed.R.Civ.P.16(f).

1.

The first issue for the court is whether Hurst should be sanctioned because he failed to comply with a scheduling order and failed to a appear for a pretrial. The court is convinced, not only by a preponderance of the evidence, but beyond a reasonable doubt, that he is guilty of both failures.  The November 16 pretrial-notice order required that Hurst (1) cooperate in the preparation of the a proposed pretrial order and (2) attend a pretrial on January 29.  Hurst did neither.[3] The evidence at the February 7 contempt hearing showed that defense counsel repeatedly tried to reach Hurst to solicit his help in preparing the proposed order and even mailed him a copy of a proposed pretrial order (containing defense counsel's contentions), but that Hurst did nothing.  And, of course, the evidence is

_____

3.  The November 16 pretrial-notice order also required that Hurst, as the plaintiff's attorney, submit the proposed pretrial order to the court two business day in advance of the pretrial.  While Hurst failed to do this too, the court need not rely on this failure as a basis for sanctions.

10

undisputed that Hurst failed to appear for the January
29 pretrial.

Hurst testified at the February 7 contempt hearing
that he did not comply with the court's November 16
pretrial-notice order (setting forth the exact time of
the pretrial and the requirement that the parties
jointly prepare a proposed pretrial order) because he
did not received the order.   Hurst suggests that,
because he sometimes received the mail of others at his
business street, the postal service may have mis-
delivered the order to someone else on his business
street.

The court does not believe Hurst for several
reasons.   First, Hurst received other orders in this
case.[4]   Second, it is undisputed that the June 19

---

4.   It is more than suspicious that, when Hurst was
confronted with the fact that the time of the pretrial
was set forth in the November 16 pretrial-notice order,
he said he did not receive it, and, when he confronted
with the fact the time of the pretrial was also set forth
in the defense counsel's January 29 motion to dismiss, he
responded that he did not receive that document either.

11

scheduling order gave Hurst notice that a pretrial would be held on January 29 (although no time was given then) and the evidence at the February 7 contempt hearing reflected that defense counsel repeatedly left messages for Hurst to contact them so that they could jointly prepare the proposed pretrial order, and that they even mailed to him (and he received before the pretrial date) a copy of a proposed pretrial order that opened with the preamble that "A pretrial hearing was held in this case on January 29, 2007 ....". Under these circumstances, a reasonable person who did not know the exact time of the pretrial on January 29 (because that person had not received the November 16 pretrial-notice order) would have known that a pretrial was being held on January 29 and thus would have inquired of the court or opposing counsel whether a specific time had been set.

The only reason Hurst did not make such an inquiry is because he had either 'actual knowledge' of the date

and time of the pretrial (in that he received and read the November 16 pretrial-notice order and calendared its requirements) and then wilfully ignored his legal obligations; or he had 'constructive knowledge' (in that he received the November 16 order but negligently failed to read it or, if he read it, negligently failed to calendar the deadlines and requirements set forth in the order) and further negligently ignored the reminders defense counsel gave him, by phone and mail, of the deadlines and requirements.[5]

---

    5. While the court does not rely on this additional evidence, it is worth observing that (1) Hurst never submitted Perryman's contentions for inclusion in a proposed pretrial order, even after the contempt show-cause hearing on February 7; (2) he failed to meet the deadline for responding to the First United and Maye's summary-judgment motion, and, when he did respond, it was almost a month and a half after the deadline; and (3) on June 19, 2006, he represented to the court that he would file an amended a complaint within two weeks but did not do so for almost a month later; and (4) defense counsel note in their written dismissal motion that Hurst also failed to exchange any witness and exhibit lists by the court-ordered deadline.  That Hurst has been inattentive to his obligations in this case is an understatement.

    It can also be reasonably argued that Hurst did not
(continued...)

The court cannot look into Hurst's mind to determine whether he had actual knowledge and then acted with wilful or gross indifference. The court, instead, gives him the benefit of the doubt and finds (not only by a preponderance of the evidence, but beyond a reasonable doubt) that he had constructive knowledge of the date and time of the January 29 pretrial, in that he received and read the November 16 pretrial-notice order, but then negligently failed to calendar the date and time of the pretrial as well as his obligations to prepare a proposed pretrial order; the court further finds that he negligently ignored the reminders defense counsel gave him, by phone and mail, of the date and time and his obligations.

_____

5.   (...continued)
take the February 7 contempt hearing seriously.  Prior to the hearing, he call the court's chambers and left a message, unwittingly, perhaps, in the words of Melville's Bartleby the Scrivener, that he would "prefer not" to attend the contempt hearing.  The court sent a message back that he had no preference in the matter and must attend the hearing if he did not want to be held in contempt of court.  Hurst was still late for the hearing.

14

The court, therefore, finds that Hurst, without reasonable excuse, failed to comply with the November 16 pretrial-notice order (in that he failed to cooperate in the preparation of the a proposed pretrial order and he failed to attend a pretrial on January 29) and that, as a result, he should be sanctioned.[6]

---

6. At one point, Hurst became ensnared in his repeated excuse that he did not meet a deadline because he did not receive the order setting the deadline.    He also stated that he did not receive the court's order denying his request to extend the time to respond the defense counsel's summary-judgment motion.    The court, finding this contention less than credible because his brief was filed not any where near the time requested in the extension but rather much later and somewhat 'out of the blue,' inquired:

> "THE COURT:  But even if you didn't get my order, why did your brief come in? I believe it was weeks late, not even days late.
>
> "MR. HURST:  Your Honor, like I said, it's just me."

In other words, Hurst had nothing to say other than "it's just me" to explain away the incredulity in his contention.

2.

The next issue for the court is what sanctions to impose.  The court will order sanctions sufficient to compensate defense counsel for expenses incurred as a result of Hurst's non-compliance with Rule 16.  These expenses include the First United and Maye's expenses incurred in attempting to secure Hurst's cooperation in the preparation of a pretrial order, their expenses in attending the pretrial, and their expenses relating to the instant sanctions issue.  These expenses are to be paid by Hurst personally, and not by his client, Perryman.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Defendants First United Methodist Church and Darlene Maye's oral motion to dismiss is denied as moot.

16

(2) Defendants First United Methodist Church and Maye's written motion to dismiss (Doc. No. 48) is denied to extent dismissal is sought.

(3) It is DECLARED, <u>sua sponte</u>, that Norman Hurst, Jr, without reasonable excuse, failed to comply with the November 16, 2007, pretrial-notice order (in that he failed to cooperate in the preparation of the a proposed pretrial order and he failed to attend a pretrial on January 29, 2007), and that, as a result, sanctions should be imposed against him pursuant to Fed.R.Civ.P.16(f).

(4) Defendants First United Methodist Church and Maye's written motion to dismiss (Doc. No. 48) is granted to the extent that, pursuant to findings in paragraph (3), sanctions are imposed against Hurst pursuant to Fed.R.Civ.P.16(f).

(5) Hurst shall pay defendants First United Methodist Church and Maye's reasonable fees and expenses incurred in attempting to secure Hurst's

17

cooperation in the preparation of a pretrial order, their expense in their attorneys' attendance at the pretrial, and their expenses relating to the instant sanctions issue. The fees and expenses should come out of Hurst's pocket, and shall not be paid by plaintiff Monica Perryman.

(6) By March 19, 2007, defendants First United Methodist Church and Maye shall file an affidavit itemizing their reasonable attorney's fees and expenses incurred in attempting to secure Hurst's cooperation in the preparation of a pretrial order, their expenses in their attorneys' attendance at the pretrial, and their expenses relating to the instant sanctions issue.

(7) By April 2, 2007, Norman Hurst, Jr., shall file a response to defendants First United Methodist Church and Maye's submission.

DONE, this the 12th day of March, 2007.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE