IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MONICA PERRYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:06cv216-MHT |
| FIRST UNITED METHODIST | ) | (WO) |
| CHURCH and DARLENE MAYE, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

It is ORDERED that Norman Hurst Jr.'s motion for reconsideration (doc. no. 62) is denied, and the clerk of the court is DIRECTED to notify Hurst of this order by telephone.

By order entered on March 16, 2007, this court required Hurst to comply with this court's e-noticing requirements, given, as explained in a March 12 order, that he maintained, as a continuing excuse for failing to meet his obligations in this case, that he had not

received a number of filings (including orders) in this case through the postal mail. <u>Perryman v. First United Methodist Church</u>, ___ F.Supp.2d ____, 2007 WL 703604 (M.D. Ala. 2007). In his motion, he contends that he represented to the court that he had failed to receive <u>only one</u> of this court's prior orders; having reviewed the record in this case, the court has determined that Hurst is incorrect about his representation.

At the February 7 show-cause contempt hearing, he asserted that he had not received, by regular mail, both the November 22 order denying an extension and the November 16 pretrial-notice order. It is also significant that he asserted he had not received, by regular mail, a January 29 motion to dismiss filed by the defendants. Each of these proffered failings was given as a less than credible excuse for not meeting his obligations in this case, and, to put it bluntly now, they reflect that Hurst was abusing the opportunity given to him to be notified by regular mail. <u>See, e.g.</u>,

2

<u>Perryman v. First United Methodist Church</u>, ___ F.Supp.2d ___ n. 4, 2007 WL 703604, *3 n.4 (M.D. Ala. 2007) ("It is more than suspicious that, when Hurst was confronted with the fact that the time of the pretrial was set forth in the November 16 pretrial-notice order, he said he did not receive it, and, when he was confronted with the fact that the time of the pretrial was also set forth in the defense counsel's January 29 motion to dismiss, he responded that he did not receive that document either."); <u>id</u>. at ___ n. 6, 2007 WL 703604, *4 n.6 ("At one point, Hurst became ensnared in his repeated excuse that he did not meet a deadline because he did not receive the order setting the deadline. He also stated that he did not receive the court's order denying his request to extend the time to respond the defense counsel's summary-judgment motion.").

At base, though, Hurst cannot have it both ways. Having offered (credible or not) difficulties receiving his postal mail as an excuse for failing to meet his

obligations, he cannot now avoid this court's e-noticing requirements by claiming that his postal mail really is not so bad.  Hurst's compliance with this court's e-noticing requirements will ensure that he receives notice not only of the court's orders but of other parties' filings as well.  His motion for reconsideration is meritless.

    DONE, this the 21st day of March, 2007.

                                     /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE