IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MONICA PERRYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:06cv216-MHT |
| | ) | (WO) |
| FIRST UNITED METHODIST | ) | |
| CHURCH and DARLENE MAYE, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND SANCTIONS ORDER

This case is currently before the court for a determination of the appropriate amount of sanctions to be entered against Norman Hurst, Jr., counsel for plaintiff Monica Perryman, pursuant to Fed. R. Civ. P. 16(f).

Perryman sued defendants First United Methodist Church and Darlene Maye for race and gender discrimination in employment. Perryman based her lawsuit on the Civil Rights Act of 1866, as amended, 42

U.S.C. §§ 1981, 1983, and 1985(3); the Equal Pay Act of 1963, 29 U.S.C. § 206; and Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. §§ 1981a, 2000e through 2000e-17; she invoked the jurisdiction of the court pursuant to 28 U.S.C. § 1343 (§§ 1981, 1983 and 1985(3) claims), 42 U.S.C. § 2000e-5(f) (Title VII claims), and 29 U.S.C. § 217 (Equal Pay Act claim).  In an opinion and judgment entered on March 5, 2007, the court entered summary judgment in favor of First United and Maye and against Perryman.  Perryman v. First United Methodist Church, 2007 WL 703604 (M.D. Ala. 2007).

This court retained jurisdiction, however, on the question whether Perryman's attorney, Norman Hurst, Jr., should be sanctioned, pursuant to Fed. R. Civ. P. 16(f), for failing to comply with a court order that required him to (1) cooperate with defense counsel in drafting a pretrial order and (2) attend a pretrial hearing.  In an order and opinion entered on March 12,

2007, this court found that Hurst should be sanctioned, and directed the defendants to submit their fees and costs "in attempting to secure Hurst's cooperation in the preparation of a pretrial order, ... in attending the pretrial, and ... relating to the instant sanctions issue," with the fees and expenses "to be paid by Hurst personally, and not by his client, Perryman." Perryman v. First United Methodist Church, ___ F.R.D. ___, ___, 2007 WL 738501 *4 (M.D. Ala. 2007); see also Perryman v. First United Methodist Church, 2007 WL 891155 (M.D. Ala. 2007) (denying motion for reconsideration).

    Having already found, in the March 12 order and opinion, that Hurst should be sanctioned, this court now turns to the amount of those sanctions. Federal Rule of Civil Procedure 16(f) provides that, "in lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses

incurred because of any noncompliance with this rule, including attorney's fees."

As an initial matter, while First United and Maye's attorneys worked on the case pro bono, Hurst is still responsible for their fees. The question, on a sanctions issue, is not whether the opposing party's attorneys were paid, but rather what the reasonable amount of their fees was. An attorney cannot avoid Rule 16(f) sanctions merely because opposing counsel worked pro bono for their clients; a sanctioned attorney cannot exploit, that is, benefit from, the generosity of opposing counsel.

First United and Maye's attorneys seek reimbursement for fees incurred through the work of two attorneys, in an amount between $ 2,882.50 and $ 3,455.00. This range represents the range that the involved attorneys normally bill a client in a case like this one. One attorney, Robert A. Huffaker, billed a total of six hours on the matters in question;

4

his hourly rate is between $ 250 to $ 300. R. Brett Garrett, another of the defendants' attorneys, billed 10.9 hours; his hourly rate is between $ 125 and $ 150 an hour. The amount of reimbursement they seek includes $ 20 in photocopying fees.

This court finds that $ 2,882.50 is a reasonable amount, both as to time spent and rate, with the amount calculated as follows:

| Huffaker | 6 hours | $ 250/hour | = | $ 1,500.00 |
|---|---|---|---|---|
| Garrett | 10.9 hours | $ 125/hour | = | 1,362.50 |
| Copying | | | = | 20.00 |
| TOTAL | | | | $ 2882.50 |

Hurst's actions wasted substantial time (1) in preparing for and attending the pretrial conference, (2) in attempting to secure Hurst's cooperation in preparing a proposed pretrial order and (3) in preparing for the matters relating to the issue of sanctions. The court notes that it could have imposed sanctions in the higher amount sought by First United and Maye's attorneys.

\*\*\*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Defense counsel are to have and recover from Norman Hurst, Jr., personally, fees and expenses in the amount of $ 2,882.50.

(2) By no later than April 18, 2007, Hurst is to pay this full sum to defense counsel.

(3) On April 20, 2007, defense counsel are to file a statement with the court indicating whether or not they received the full amount from Hurst on April 18, 2007.

DONE, this the 4th day of April, 2007.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE